J-S20013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMONT WALKER | : | |
| | : | |
| Appellant | : | No. 110 WDA 2022 |

Appeal from the PCRA Order Entered December 13, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006204-2007

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.: **FILED: NOVEMBER 29, 2022**

Appellant Raymont Walker appeals *pro se* from the order dismissing his third Post Conviction Relief Act[1] (PCRA) petition. Appellant argues that his due process rights at trial and at resentencing and his right to a speedy trial were violated. Following our review of the record, we affirm.

We adopt the PCRA court's summary of the facts and procedural history underlying this matter. *See* PCRA Ct. Op., 3/25/22, at 1. Briefly, a jury convicted Appellant of first-degree murder[2] and related offenses that occurred between December 22 and December 23, 2006, when Appellant was fifteen years old. On August 2, 2010, the trial court sentenced Appellant to a term of life imprisonment followed by a consecutive term of twelve-and-one-half to

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

twenty-five years' imprisonment. Appellant filed a timely direct appeal on October 25, 2010. On direct appeal, Appellant challenged the weight and sufficiency of the evidence, the denial of his decertification petition, the denial of his pretrial motions, and the trial court's accomplice jury instruction. This Court affirmed Appellant's judgment of sentence on April 30, 2012. *Commonwealth v. Walker*, No. 1667 WDA 2010 (Pa. Super. filed Apr. 30, 2012) (unpublished mem.) (*Walker I*). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Appellant filed a timely *pro se* PCRA petition on July 30, 2012, and the PCRA court appointed counsel on August 13, 2012. Counsel asked for and was granted two extensions of time to file, and Appellant subsequently filed a counseled amended first PCRA petition on January 7, 2013. A series of appeals followed, and ultimately our Supreme Court granted PCRA relief in part pursuant to *Montgomery v. Louisiana*, 577 U.S. 190 (2016) and *Miller v. Alabama*, 567 U.S. 460 (2012),[3] and remanded to this Court. *Commonwealth v. Walker*, 132 A.3d 980 (Pa. 2016) (*Walker II*) (*per curiam* order). This Court, in turn, remanded to the trial court for resentencing. *Commonwealth v. Walker*, No. 2019 WDA 2013, 2016 WL 1545177 (Pa. Super. filed Apr. 15, 2016) (unpublished mem.) (*Walker III*).

---

[3] The United States Supreme Court, in *Miller*, held that sentences of "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 567 U.S. at 465. In *Montgomery*, the High Court held that *Miller* applied retroactively. *Montgomery*, 577 U.S. at 208-13.

The PCRA court held a hearing on February 9, 2018, to address both Appellant's outstanding second PCRA petition raising a claim of after-discovered evidence and the remand for resentencing pursuant to **Walker III**. The PCRA court denied Appellant's after-discovered evidence claim[4] and resentenced him on February 9, 2018, to an aggregate term of thirty years to life in prison. Appellant appealed, arguing that the PCRA court erred by denying his after-discovered evidence claim and challenging the discretionary aspects of his sentence. This Court affirmed the judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on November 2, 2020. **Commonwealth v. Walker**, No. 1025 WDA 2018, 2020 WL 777785 (Pa. Super. filed Feb. 18, 2020) (**Walker IV**) (unpublished mem.), *appeal denied*, 240 A.3d 1216 (Pa. 2020) (**Walker V**).

Appellant filed the instant *pro se* PCRA petition, which is his third petition, on October 16, 2021. *Pro Se* PCRA Pet., 10/16/21. Therein, Appellant argued his first-degree murder conviction was illegal because he was not the shooter. **Id.** at 4. On November 16, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. PCRA Ct. Order, 11/16/21. Appellant filed a timely response, arguing that his petition was timely because the courts had granted his prior PCRA petition and the PCRA court erred in holding a joint hearing on his after-

---

[4] **See** N.T., 2/9/18, at 90. The certified record transmitted to this Court does not include a separate document memorializing the PCRA court's oral order.

discovered evidence claim and for resentencing.  Resp. to Order, 11/32/21.[5]

Appellant did not request leave to amend his PCRA petition.  *Id.*  On December

13, 2021, the PCRA court dismissed the petition as untimely.  PCRA Ct. Order,

12/13/21.

Appellant filed a timely notice of appeal on January 11, 2022.  On

January 31, 2022, the PCRA court issued an order directing Appellant to file a

Rule 1925(b) statement by February 21, 2022.  PCRA Ct. Order, 1/31/22.  On

March 25, 2022, the PCRA court filed its Rule 1925(a) opinion in which it

concluded that Appellant had waived his issues on appeal due to his failure to

file a Rule 1925(b) statement.  PCRA Ct. Op., 3/25/22.  However, on April 6,

2022, the PCRA court issued a supplemental opinion explaining that it

appeared that Appellant had mailed his Rule 1925(b) statement to the

"criminal court administrator[, but it] was not filed due to a breakdown in the

administrative process that was not the fault of Appellant."  Suppl. PCRA Ct.

Op., 4/6/22, at 1.  Therefore, the PCRA court requested, in the "interests of

justice," that we remand the matter to allow the PCRA court to issue a Rule

1925(a) opinion addressing the issues raised in Appellant's Rule 1925(b)

statement.  *Id.*  This Court agreed and remanded the case on August 22,

_____

[5] Appellant's response to the Rule 907 notice was docketed on December 2, 2021.  However, it bears a time-stamp of "November 32, 2021."  Because the docket reflects that Appellant's response was filed within 20 days from the date of the PCRA court's Rule 907 notice, Appellant's response was timely filed pursuant to Rule 907(1), and the November 32, 2021 time-stamp was merely a typographical error.  *See* Pa.R.Crim.P. 907(1) (explaining that a defendant may respond to a proposed dismissal within 20 days of the date of the notice).

2022. The PCRA court issued its supplemental opinion on September 9, 2022. Suppl. PCRA Ct. Op., 9/9/22.

Appellant raises the following issues for review in his brief, which we have reordered as follows:

1. Were [Appellant's] due process rights that are guaranteed in [Pennsylvania Constitution, Article I, Section 9] and [U.S. Constitution, Fourteenth Amendment, Section 1] violated from [a] structural default in [a] conflated PCRA Evidentiary/***Miller*** resentencing hearing?

2. Were [Appellant's] due process rights that are guaranteed in [Pennsylvania Constitution, Article I, Section 9] and [U.S. Constitution, Fourteenth Amendment, Section 1] violated when [the PCRA court] issued its dismissal order?

3. Were [Appellant's] due process rights that are guaranteed in [Pennsylvania Constitution, Article I, Section 9]; and [U.S. Constitution, Fourteenth Amendment, Section 1] violated from when [the prosecution] committed fraud upon the court?

4. Were [Appellant's] due process rights of disclosure that are guaranteed in [Pennsylvania Constitution, Article I, Section 9], [U.S. Constitution, Sixth Amendment], and [U.S. Constitution, Fourteenth Amendment, Section 1] violated when [the prosecution] failed to properly disclose an established alibi in its possession and control?

5. Were [Appellant's] speedy trial rights that are guaranteed in [Pennsylvania Constitution, Article I, Section 9], [U.S. Constitution, Sixth Amendment], and [U.S. Constitution, Fourteenth Amendment, Section 1] violated when trial failed to commence within [Pa.R.Crim.P. 600] time limits?

Appellant's Brief at 5-14 (some formatting altered).[6]

---

[6] Appellant discusses his first two issues, related to his resentencing, in his brief, but he does not address them in his instant third *pro se* PCRA petition before this Court. ***See*** *Pro Se* PCRA Pet., 10/16/21.

This Court has held that

42 Pa.C.S.[] § 9545(b)(1) requires that any PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless a petitioner pleads or proves that one of the exceptions to the timeliness requirement enumerated in 42 Pa.C.S.[] § 9545(b)(1)(i)-(iii) is applicable. The timeliness requirement is mandatory and jurisdictional; therefore, no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments.

*Commonwealth v. McKeever*, 947 A.2d 782, 784-85 (Pa. Super. 2008) (citation omitted); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (reiterating that because the timeliness of a PCRA petition implicates our jurisdiction, we may consider the issue *sua sponte*).

The *McKeever* Court further explained that

[A] successful first PCRA petition does not "reset the clock" for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only. We reached this conclusion because the purpose of the PCRA is to prevent an unfair conviction.

*McKeever*, 947 A.2d at 785 (citation omitted); *see also Commonwealth v. Lesko*, 15 A.3d 345, 366, 374 (Pa. 2011) (explaining that when a defendant is granted a new sentencing hearing, the defendant's original judgment of sentence is final for PCRA timeliness purposes except for the matters relating to the resentencing).

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted). This Court "may affirm a decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's actions, even if we rely on a different basis." ***Commonwealth v. Moser***, 999 A.2d 602, 606 n.5 (Pa. Super. 2010) (citation omitted).

"To be entitled to PCRA relief, [the petitioner] must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), and that the allegation of error has not been previously litigated or waived." ***Mitchell***, 105 A.3d at 1265-66 (citation omitted).

This Court has explained that when presenting issues in an appellate brief that

> it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Pa.R.A.P. 2119(a), (b), (c). . . .
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we

may dismiss the appeal entirely or find certain issues to be waived. Pa.R.A.P. 2101.

*Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (some citations omitted).

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037-38 (Pa. Super. 2018) (citation omitted).

### Issues Relating to Resentencing

In his first two issues, Appellant challenges aspects of his resentencing. First, Appellant argues that the PCRA court "abrogated" the "constitutional structure" of the February 9, 2018 evidentiary hearing when the PCRA court conflated the evidentiary hearing with a *Miller* hearing. Appellant's Brief at 5. Appellant further argues that the PCRA court erred in deciding not to allow evidence on Appellant's after discovered evidence claim before conducting the resentencing hearing. *Id.* at 6 (citing N.T., 2/9/18, at 4). Appellant concludes that due to these structural errors, his new sentence should be vacated, and he should be granted an "independent" evidentiary hearing. *Id.* at 6-7.

In his next issue, Appellant argues that the PCRA court erred in filing a notice of intent to dismiss and thereafter requesting that this Court remand the case for review of "substantive issues." *Id.* at 15-16. Appellant concludes that this chain of events "reveals [the PCRA court's] own error in judgment" and that he is entitled to an evidentiary hearing. *Id.* at 16.

Before we address the merits of Appellant's PCRA claims related to his resentencing, we first consider whether we have jurisdiction over them, which we may raise *sua sponte.* **See Callahan**, 101 A.3d at 121. Here, our Supreme Court held that Appellant was entitled to resentencing only. **See Walker II**, 132 A.3d at 980. The trial court resentenced Appellant on February 9, 2018. Appellant appealed his new sentence and our Supreme Court denied Appellant's petition for allowance of appeal on November 2, 2020. **See Walker V**, 240 A.3d at 1216. Therefore, Appellant's new sentence became final on February 1, 2021, the date on which the time to file a petition for a writ of *certiorari* in the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13, 30(1). The instant PCRA petition, filed on October 16, 2021, is timely with respect to issues related to Appellant's February 9, 2018 resentencing hearing. **See Lesko**, 15 A.3d at 374.

Instantly, the PCRA court addressed all of Appellant's issues by concluding that "none of the alleged errors were raised in the PCRA petition, any pleading in response to the Notice of Intent to Dismiss, or in any other manner prior to being raised for the first time on appeal. Therefore, these issues are waived." Suppl. PCRA Ct. Op., 9/9/22, at 4.

After reviewing the record, we affirm on a different basis than the PCRA court's conclusion. **See Moser**, 999 A.2d at 606 n.5. Our review of the record indicates that Appellant raised his claim regarding the alleged conflation of the evidentiary hearing and the **Miller** resentencing hearing in his response to the

Rule 907 Notice. **See** Resp. to Order, 11/32/21, at 1-2. Although Appellant discussed this issue in his brief, as we have stated, he failed to raise any resentencing issues in his instant PCRA petition before this Court. **See** *Pro Se* PCRA Pet., 10/16/21. Therefore, we are constrained to conclude that Appellant's resentencing issues are waived, and no relief is due. **See** Pa.R.Crim.P. 902(B) (noting that claims not raised in a PCRA petition are waived); **see also Commonwealth v. Williams**, 899 A.2d 1060, 1066 n.5 (Pa. 2006) (concluding that issues that were not raised in an appellant's PCRA petition are waived); **Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa. Super. 2012) (concluding that the PCRA court did not have to address the merits of two claims of ineffective assistance of trial counsel that defendant raised for the first time in his response to the Rule 907 notice where the defendant did not also request leave to amend his PCRA petition), *abrogated on other grounds by* **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).

### Issues Relating to Alleged Trial Court Error

Appellant also argues that the prosecution committed fraud by concealing knowledge of his alibi and bringing illegal charges to trial. Appellant's Brief at 7-11. Finally, Appellant argues that his right to a speedy trial was violated by the Commonwealth's delays when Appellant was prepared to proceed to trial. **Id.** at 12-14.

As stated above, the PCRA court concluded that Appellant had waived these issues because he did not raise them before the PCRA court. **See** Suppl. PCRA Ct. Op., 9/9/22, at 4.

Before we address the merits of Appellant's PCRA claims related to his trial, we first consider whether we have jurisdiction over them. *See Callahan*, 101 A.3d at 121; *McKeever*, 947 A.2d at 785. The record reflects that Appellant's original judgment of sentence became final on May 30, 2012, when the time for filing a petition for allowance of appeal with our Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); *see also* Pa.R.A.P. 1113(a) (providing that an appellant has thirty days to file a petition for allowance of appeal with our Supreme Court). As stated previously, on appeal from the denial of Appellant's first PCRA petition, our Supreme Court held that Appellant was only entitled to relief in the form of resentencing. *See Walker II*, 132 A.3d at 980. Therefore, Appellant's PCRA petition, insofar as it raises trial issues unrelated to his February 9, 2018 resentencing, is patently untimely and Appellant has neither pled nor proved a timeliness exception under the PCRA.[7] *See McKeever*, 947 A.2d at 784-85 (explaining that a grant of PCRA relief limited to resentencing does not "reset the clock" with respect to finality of the judgment of sentence when assessing the timeliness of subsequent PCRA petitions raising claims of error at trial); *see also* 42 Pa.C.S. § 9545(b)(1) (stating that any PCRA petition "shall be filed within one year of the date the judgment becomes final, unless" the petitioner pleads and proves a given

---

[7] Even if Appellant's PCRA petition was timely with respect to his claims of errors at trial, these clams would be waived because Appellant did not raise them on direct appeal. *See Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (stating that "[a]t the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not)" (citation omitted)); *see also* 42 Pa.C.S. § 9543(a)(3).

- 11 -

timeliness exception).  Therefore, Appellant is not entitled to relief on these issues, and we affirm the PCRA court's order.  **See Lawson**, 90 A.3d at 4.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/29/2022